SAMUEL H. DAVIS, *Ex. vs.* CHARLES O. CRANDALL *et als.*

DECEMBER 12, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a bill in equity praying for construction of the will of A. Jeanette Crandall and for instructions to the complainant, as executor, respecting the distribution of the residue of the estate. The cause, being ready for hearing for final decree, was certified by the Superior Court to this court for determination.

A. Jeanette Crandall died on July 20, 1930, being at the time of her death a resident of the town of Hopkinton in this state, and left a last will and testament which named Samuel H. Davis as executor and which was duly admitted to probate by the probate court of said town.

By the third and fourth clauses of her will upon which the request for instructions is based the testatrix provided as follows: "Third: I give and devise to my brother, Charles O. Crandall, and my sister, Phebe C. Crandall, each an undivided one-half interest in my one-third interest in our home at Rockville, Rhode Island. Fourth: All the rest, residue and remainder of my estate, both real and personal, of whatever name and nature, and wherever located, I direct my executor, hereinafter named, to divide in three equal parts of which I give, devise, and bequeath to my

sister, Phebe C. Crandall, two parts, and to my brother, Charles O. Crandall, one part."

The said Phebe C. Crandall died on April 14, 1930, previous to the death of the testatrix. Neither Phebe C. Crandall nor the testatrix left children them surviving.

The respondent Charles O. Crandall, as the sole living devisee and residuary legatee, claims the full amount of the residue under said will. Certain other respondents urge that as a residuary legatee Charles O. Crandall is entitled to but one-third of the residue of the personal estate of the testatrix, and that the other two-thirds of this residue should be distributed to the heirs at law of the testatrix.

The devise to Phebe C. Crandall in the third clause of the will lapsed by reason of her death without issue before the death of the testatrix and, no contrary intention appearing by the will, said lapsed devise in accordance with the provision of Section 7, Chapter 298 of General Laws, 1923 "shall be included in the residuary devise."

Under the same circumstances the residuary devise and bequest to Phebe C. Crandall in the fourth clause of the will also lapsed.

The questions presented are: (1) Does all the residue of the real estate, as thus augmented by the lapsed devise in said third clause and including the lapsed residuary devise of two-thirds of the real estate to the sister, Phebe C. Crandall, pass to the only surviving residuary devisee, Charles O. Crandall? (2) Does all the residue of the personal estate, including the lapsed residuary bequest of two-thirds thereof to said sister, Phebe C. Crandall, pass to the only surviving residuary legatee, Charles O. Crandall?

Both questions must be answered in the affirmative. Section 7, Chapter 298, General Laws 1923, provides as follows: "Unless a contrary intention shall appear by the will, such real estate or interest therein as shall be comprised or intended to be comprised in any devise in such will contained which shall fail or be void by reason of the death of the devisee in the lifetime of the testator without leaving

issue of such devisee living at the time of the testator's decease, or by reason of such devise being contrary to law or otherwise incapable of taking effect, shall be included in the residuary devise, if any, contained in such will; and if a residuary devisee or legatee die before the testator without leaving issue living at the time of the testator's decease, and there be other residuary devisees or legatees named in such will in the same residuary clause, such other residuary devisees or legatees named in said clause, whether a class or not, shall take at the testator's decease the share of such residuary devisee or legatee so dying in like proportions as their shares bear one to another as expressed in said will under said residuary clause."

In *Woodward* v. *Congdon*, 34 R. I. 316, this court held that the old rule as to the devolution of a lapsed portion of the residuary clause was changed by said section 7. The court, at p. 323, said: "As we construe the statute above quoted, it was intended to prevent, in the second part thereof, the further application of this rule, so as to prevent intestacy in the case of a lapsed residuary devise or bequest, and to effectually provide for survivorship where any residuary devisee or legatee remains at the testator's death to take the estate. We are well satisfied that the said statute is effectual to do away with both the aforementioned rules regarding lapsed devises and legacies, and when the testator, as in this case, leaves estate in such a manner, that a lapse may occur, without any ultimate disposition of such legacies or devises as may become lapsed other than that contained in a general residuary clause, the testator must be deemed to have executed the will with regard to the provisions of the statute above quoted, and to have intended that such provisions should operate in case a specific devise or bequest became inoperative for any reason. *Missionary Society* v. *Pell*, 14 R. I. 456. And this construction of the will is in accord with the general rule to so construe a will as to avoid partial intestacy, if such construction is natural and reasonable."

The testatrix in the second clause of her will left to her brother, George N. Crandall, a legacy of $100 but did not include him as a residuary legatee or devisee. Her sister Phebe and her brother Charles were the special objects of her bounty and are the only residuary legatees.

As no contrary intention appears from the context of the will it is clear that under the provisions of said statute the gift of real estate to Phebe C. Crandall contained in the third clause of the will lapsed at her death without issue previous to the decease of the testatrix; that this lapsed gift fell into the residue of the estate disposed of in the fourth clause of the will, and that Charles O. Crandall, the surviving residuary legatee, is entitled to the residue of the estate of A. Jeanette Crandall thus augmented.

On December 19, 1932, the parties may present to this court for approval a form of decree to be entered in the Superior Court in accordance with this opinion.